**Doren D. MARTIN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–989.

United States Court of Veterans Appeals.

Aug. 11, 1995.

Before KRAMER, FARLEY, and MANKIN, Judges.

## ORDER

PER CURIAM.

On May 16, 1995, the Secretary filed a motion to dismiss the appellant's claim and to stay further proceedings. On July 3, 1995, the Court ordered that, within thirty days, the appellant show cause why the August 24, 1994, BVA decision denying his claim for service connection for the birth defects and deaths of three of his children, secondary to his exposure to Agent Orange, should not be affirmed. The Court's order pointed out that the statute concerning service connection for conditions caused by exposure to Agent Orange, 38 U.S.C. § 1116, expressly states that service connection for such conditions can be granted only to "veteran[s] who, during active military, naval, or air service, served in the Republic of Vietnam during the Vietnam era." 38 U.S.C. § 1116(a)(1)(A); *see also* 38 C.F.R. §§ 3.307(a)(6)(iii), 3.309(e) (1994). The order further noted that, for purposes of chapter 11 of title 38, a "veteran" is defined as "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable." 38 U.S.C. § 101(2); 38 C.F.R. § 3.1(d) (1994).

On July 5, 1995, the appellant filed a motion for oral argument. On July 20, 1995, the appellant responded to the order to show cause. He stated that he did not agree with the BVA decision, but did not provide any legal basis for his position.

Sections 101(2) and 1116(a)(1)(A) of title 38, U.S. Code, preclude the granting of service connection for the birth defects and causes of death of the appellant's children because they are not veterans. As the Court stated in *Melson v. Derwinski*, 1 Vet.App. 334, 338 (1991),

> In reviewing BVA decisions, this Court is bound by the laws passed by the Congress of the United States and the regulations lawfully adopted by the VA thereunder. Under these laws and regulations, this Court is compelled to hold that the BVA did not err in deciding that the appellant

... is not entitled to the recovery [he] seeks.

In consideration of the foregoing, it is

ORDERED that the appellant's motion for oral argument is DENIED. It is further

ORDERED that the Secretary's motion to dismiss is DENIED as moot. It is further

ORDERED that the August 24, 1994, BVA's decision denying the appellant's claim for service connection for the birth defects and deaths of three of his children, secondary to his exposure to Agent Orange, is AFFIRMED.